LEMMON, Justice,
dissenting in part from denial of rehearing.
The reversal by this court on original hearing was correct. The jury’s verdict was tainted by the erroneous consideration of that portion of the lease contract which specified the duties of both parties in relation to the premises. Therefore, the judgment of the trial court rendered in accordance with the verdict was properly set aside.
However, this court should not have remanded the case for a new trial after the case had been fully tried with a complete record. Instead, we should have either remanded the matter to the court of appeal to decide the case on the record without regard to the jury’s verdict or determined the issues ourselves on the same basis.[1]

. The fact that the lessor was covered by the insurance policy does not justify a remand. The lessor’s liability was not at issue in the trial, and neither was the liability of International as insurer of the lessor. The trial only addressed the liability of the lessee and of International as insurer of the lessee. Since the record is totally complete as to these issues, a remand is not justified.
Furthermore, if plaintiffs’ claim against the lessor and its insurer has not prescribed, they can file the claim against the lessor and its insurer in a separate suit just as well as in an amended petition in the present action on remand. The interruption of prescription, if any, by the filing of the present action will be just as effective in a new suit as in an amended petition in this suit.